IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff/Respondent,**

v.	                              No. CV 12-0874 JCH/LAM
                                               CR 10-3100 JCH

**EDWARD BUSSIE,**

      **Defendant/Movant.**

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

**THIS MATTER** is before the Court on Defendant/Movant (hereinafter "Defendant") Edward Bussie's Section 2255 motion [*Doc. 1*],[2] filed on August 13, 2012. Defendant claims that his due process rights were violated based on ineffective assistance of counsel and prosecutorial misconduct during the plea bargaining process. *Id.* at 4. Plaintiff/Respondent (hereinafter "the Government") filed a response [*Doc. 7*] to the motion on September 27, 2012. Defendant contended in his motion for default judgment [*Doc. 8*], filed December 7, 2012, that he did not receive a copy of the response filed by the Government.[3] In its response to Defendant's motion for default judgment, the Government states that it sent Defendant another copy of its response to Defendant's

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.  Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Unless otherwise noted, all referenced documents are from Case No. CIV-12-0874.

[3] The Court's docket shows that a copy of the Government's response to Defendant's Section 2255 motion was sent to Defendant's address of record and was not returned to the Court as undeliverable.

Section 2255 motion on December 10, 2012. *See* [*Doc. 10* at 2]. On February 8, 2013, the Court entered an order denying Plaintiff's motion for default judgment because the record of the case reflected that the Government timely filed its response to Defendant's Section 2255 motion. [*Doc. 13* at 2]. In the same order, the Court ordered Defendant to show cause why Defendant's case should not be dismissed for failure to notify the Court of his current address because a copy of Defendant's reply to the Government's response to Defendant's motion for default judgment (*Doc. 11*) was returned to the Court undelivered with "Return to Sender," "Refused," and "Unable to Forward" notations on the envelope (*see Doc. 12*). [*Doc. 13* at 2-3]. On February 25, 2013, Defendant responded to the Order to Show Cause, stating that he has not moved. [*Doc. 14* at 7]. In his reply to his motion for default judgment, Defendant acknowledges that he received a copy of the Government's response to Defendant's Section 2255 motion. *See* [*Doc. 11* at 4].

United States District Judge Judith Herrera referred the claims raised in the motion to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 6*]. Having considered the parties' submissions, relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case No. CR-10-3100, the undersigned recommends, for the reasons set forth below, that the claims raised in Defendant's Section 2255 motion [*Doc. 1*] be **DENIED** and that Case No. CIV-12-0874 be **DISMISSED with prejudice**.

## Factual and Procedural Background

On November 10, 2010, Defendant was charged by indictment with: (1) Possession with Intent to Distribute 100 kilograms and more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and (2) Carrying and Using a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). [*Doc. 12*, filed in Case No. CR-10-3100]. On

July 15, 2011, Defendant entered into a plea agreement with the Government pursuant to which Defendant pled guilty to Count 2 of the indictment. [*Doc. 44*, filed in Case No. CR-10-3100, at 2]. Pursuant to the plea agreement, Defendant waived his appellate rights to "any collateral attack to [his] conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering [into] this plea or this waiver." *Id.* at 7. On February 23, 2012, Defendant was sentenced to 60 months imprisonment, followed by three years of supervised release. [*Doc. 57* filed in Case No. CR-10-3100, at 2-3]. Defendant filed his § 2255 motion on August 13, 2012. [*Doc. 1*]. The Court reviews Defendant's *pro se* pleadings under a liberal standard. *See United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007). However, the Court may not act as his advocate in this proceeding. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## Discussion

In his motion, Defendant claims that his due process rights were violated based on ineffective assistance of counsel and prosecutorial misconduct during the plea bargaining process. [*Doc. 1* at 4]. Specifically, Defendant contends that the firearm charge was used by the prosecution to obtain a longer sentence and pressure Defendant to sign the plea agreement. *Id.* at 19 and 22-23. Defendant contends that his counsel should have opposed the firearm possession charge, and should have insisted on going to trial. *Id.* at 22. Defendant states that he was "ambush[ed]" into the plea agreement, that "he never comprehended" the plea agreement, that his counsel did not investigate the facts surrounding the gun charge, and that his counsel should have challenged the charge of using the weapon in furtherance of a crime. *Id.* at 23. Defendant asks the Court to vacate, set aside or correct his sentence. *Id.* at 13.

In response, the Government contends that, pursuant to his plea agreement, Defendant waived his right to collaterally attack his conviction and sentence on any issue except a claim of ineffective assistance of counsel in negotiating or entering into the plea or waiver. [*Doc. 7* at 13]. The Government, therefore, contends that Defendant's claims of prosecutorial misconduct and challenges to the indictment should be dismissed. *Id.* at 13-18. In addition, the Government contends that Defendant's ineffective assistance of counsel claims should be dismissed because they are without merit. *Id.* at 18-22.

### *1. Waiver of Right to Collaterally Attack Sentence*

The Court finds that Defendant's prosecutorial misconduct claim, claims regarding the sufficiency of the indictment, and claims for ineffective assistance of counsel other than for negotiating or entering into the plea agreement, are waived because Defendant's plea agreement precludes his right to collaterally attack his sentence. The plea agreement states that "Defendant agrees to waive any collateral attack to [his] convictions pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering [into] this plea or this waiver." [*Doc. 44*, filed in Case No. CR-10-3100, at 7]. The Tenth Circuit has explained that such waivers are "generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *See United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). While Defendant states that he was "ambush[ed]" into signing the plea agreement, and that he "never comprehended" the plea agreement, Defendant provides no support for these statement. [*Doc. 1* at 23]. The plea agreement, instead, states that "Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement)."

-4-

[*Doc. 44*, filed in Case No. CR-10-3100, at 7-8]. Just above Defendant's signature on the plea agreement, the agreement states that it was read to Defendant in the language he understands best, Defendant carefully discussed every part of the agreement with his attorneys, Defendant understands the terms of the agreement, Defendant voluntarily agrees to these terms, no promises or inducements were given to Defendant other than those contained therein, and no one had threatened or forced Defendant in any way to enter into the agreement. *Id.* at 9.

In addition, at his plea hearing, the Court asked Defendant if he understood Count Two of the indictment, if he understood his maximum penalties, if he understood that he would be sentenced to a mandatory minimum of five (5) years, and if he understood the other penalties in the plea agreement, and Defendant answered, "Yes" to each question. [*Doc. 7-4* at 6-8]. The Court had the prosecutor go over the terms of the agreement, and then asked Defendant if he understood those to be the terms of his agreement, and Defendant answered, "Yes, your Honor. I do." *Id.* at 10. The Court then went over the consequences of pleading guilty and asked Defendant if he understood each one, to which Defendant answered, "Yes." *Id.* at 11-12. The Court also asked Defendant if he had enough time to meet with his counsel and discuss the charge and any possible defense, and if his counsel answered all of Defendant's questions, and Defendant stated, "Yes." *Id.* at 13. The Court asked Defendant if he was satisfied with his counsel's advice and representation, and Defendant stated, "Yes." *Id.* Finally, the Court asked Defendant if anyone was pressuring him or forcing him to plead guilty, and Defendant answered, "No, ma'am. No." *Id.* at 14. For these reasons, the Court finds that Defendant knowingly and voluntarily waived his right to bring his prosecutorial misconduct claim, claims regarding the sufficiency of the indictment, and claims for ineffective assistance of counsel other than for negotiating or entering into the plea agreement. The

Court finds that the other exceptions to the waiver rule are not at issue here. *See Cockerham*, 237 F.3d at 1182 (explaining that other exceptions include circumstances where the court relies on an impermissible factor such as race, where the agreement is otherwise unlawful, or where a sentence exceeds the statutory maximum). Therefore, the Court finds that these claims should be dismissed.

### *2. Ineffective Assistance of Counsel Claims Regarding Plea Agreement*

Defendant appears to claim that his counsel was ineffective in negotiating or entering into the plea agreement by failing to challenge the firearms charge and by allowing Defendant to plead guilty to the firearms charge rather than the drug trafficking charge, which Defendant contends resulted in a longer prison sentence. [*Doc. 1* at 22-23]. The Government contends that this claim should fail because Defendant's counsel was not ineffective in negotiating the plea agreement and waiver. [*Doc. 7* at 18-22]. The Government presents an affidavit from Defendant's counsel [*Doc. 7-6*] that states that Defendant had no defense to the crimes charged in the indictment, that Defendant's counsel attempted to persuade the Government to dismiss the firearms charge and investigated whether Defendant had a valid license to carry a concealed weapon, and that Defendant's counsel was able to negotiate a plea agreement resulting in a five-year mandatory sentence rather than a ten-year mandatory sentence. [*Doc. 7*] at 20. Defendant's counsel further states in the affidavit that Defendant said that he wanted to plead guilty and never complained in any of his hearings about his attorneys or the plea agreement. *Id.* The Government further contends that Defendant's counsel was not ineffective because counsel correctly advised Defendant that he would receive a sentence of five (5) years imprisonment regardless of whether he pled guilty to the firearms charge <u>or</u> the drug trafficking charge. *Id.* at 21-22.

In evaluating an ineffective assistance of counsel claim, an attorney's performance is measured by the two-prong standard established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim under the *Strickland* standard, Defendant must show that (a) his attorney's performance fell below an objective standard of reasonableness, and (b) he was prejudiced by the attorney's deficient performance. *Id.* at 687. Both showings must be made to satisfy the *Strickland* standard. *Id.* To demonstrate unreasonable performance, Defendant must show that his attorney made errors so serious that his performance could not be considered "reasonable[] under prevailing professional norms." *Id.* at 688. To demonstrate prejudice, Defendant must show a reasonable probability, sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different but for his attorney's alleged unprofessional errors. *Id.* at 694. The Court does not have to address both prongs of the *Strickland* standard if Defendant makes an insufficient showing on one of the prongs. *Id.* at 697.

The Court finds that Defendant's counsel's performance did not fall below an objective standard of reasonableness. Defendant's counsel, Daniel J. Reid, states in an affidavit that the first plea agreement offered to Defendant was to plead guilty to both counts in the indictment, which would have resulted in a mandatory minimum sentence of ten (10) years. [*Doc. 7-6* at 2]. Mr. Reid states that, after he carefully reviewed the indictment and discovery, he determined that Defendant had no defense to the two crimes charged and would likely be convicted of them at trial. *Id.* at 3. Nevertheless, Mr. Reid states that he attempted to persuade the Government to dismiss the firearms charge, and "spent much time looking into the issue of whether or not [Defendant] had [a license to carry a concealed weapon]." *Id.* Mr. Reid states that he learned that Defendant's license had been

suspended prior to his arrest, but he and Defendant's local counsel, Jacquelyn Robins, continued to negotiate with the Government, and were able to obtain a new plea offer dismissing the drug trafficking charge in exchange for a guilty plea to the firearms charge. *Id.* This new offer was for a mandatory minimum of five (5) years imprisonment. *Id.* at 3-4. Mr. Reid states that under either charge, Defendant would have been subject to a mandatory minimum of five (5) years. *Id.* at 4 ("Regardless of whether [Defendant] pled guilty to count 1 or count 2 in the indictment, he faced five years of imprisonment for each count."). The Government provides support for Mr. Reid's statement in their response brief, explaining that Defendant faced a mandatory minimum of five (5) years for either the drug trafficking charge <u>or</u> the firearms charge, and that Defendant would only have been eligible for a sentence below the minimum sentencing threshold under the Federal Sentencing Guidelines if he had cooperated with the Government sufficiently for the Government to move under USSG § 5K1.1 for a reduced sentence, or had been "safety valve" eligible. [*Doc. 7* at 21-22]. The Government contends that Defendant was not eligible for a sentence below the minimum sentencing threshold for either charge because: (1) he did not cooperate with the Government; and (2) he was not eligible for the safety valve because he possessed a firearm in connection with the drug trafficking offense. *Id.* at 22; *see also* 18 U.S.C. § 3553(e) and (f)(2) and *United States v. Andrade-Vargas*, No. 11-4125, 459 Fed. Appx. 762, 768, 2012 WL 689177 (10th Cir. March 5, 2012) (unpublished) (rejecting the defendant's contention that he had to have physical possession or ownership of the firearm to make him ineligible for a safety valve reduction, and explaining that knowledge and control of the firearm in close proximity to the drugs were sufficient for safety-valve ineligibility). Here, Defendant admitted in his plea agreement that he had

a firearm and marijuana in the tractor portion of the tractor-trailer he drove on October 24, 2010. [*Doc. 44* at 3-4].

The Court finds that Mr. Reid's affidavit and the record of the case fully support a finding that Defendant's counsel's performance did not fall below an objective standard of reasonableness. To the contrary, it appears that Mr. Reid's performance surpassed a "reasonable" performance in that he was able to modify Defendant's conditions of release so that Defendant could return home to Michigan to continue working while his case was pending, and then was able to negotiate a plea agreement for half the imprisonment time that was initially offered. *See* [*Doc. 7-6* at 2-3]. At Defendant's plea hearing, the Magistrate Judge noted that this was "the first time [she had] ever seen this kind of negotiated agreement," and that the agreement appeared to "provide [Defendant] with a significant benefit." [*Doc. 7-4* at 10]. Defendant does not set forth any facts that suggest that his counsel could have negotiated a better plea agreement, nor does he provide any support for his statements that his counsel did not challenge the firearms charge or investigate the facts surrounding the firearms charge, and Defendant's conclusory allegations without a supporting factual basis are insufficient to support a Section 2255 claim. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (pro se defendant's conclusory allegations, without supporting factual averments, were insufficient to support an ineffective assistance of counsel claim under Section 2255). Moreover, Defendant fails to show that, but for his counsel's alleged ineffectiveness, there is a reasonable probability that Defendant would not have pleaded guilty and would have proceeded to trial. *See United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) ("[W]hen a defendant who has pleaded guilty brings an ineffective-assistance claim, he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted

on going to trial.") (citation and internal quotation marks omitted).  Defendant fails to refute the Government's contention that he would have been subject to the same sentence under either charge. For these reasons, the Court finds that Defendant's ineffective assistance of counsel claims in relation to negotiating the plea agreement are without merit and should be denied.

Finally, the Court finds that an evidentiary hearing is unnecessary because Defendant's motion and the record of this case conclusively show that Defendant is entitled to no relief.  The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Therefore, no evidentiary hearing will be held.

### Conclusion

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that the claims raised in Defendant's Section 2255 Motion [*Doc. 1*] be **DENIED**, and that Case No. CIV-12-0874 be **DISMISSED with prejudice**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**